**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LNV CORPORATION,

    Plaintiff,

v.                                                      Case No. 11-10326

JACK KEISLER and TONY DJORDJESKI,

    Defendants.
                                                     /

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATE SERVICE**

Before the court is Plaintiff's verified ex parte motion for alternate service. Plaintiff states that its process server has made eight attempts at service at different times of the day at three addresses purported to be associated with Defendant Jack Keisler.[1]

The first of the eight, on Lake Valley Drive in Shelby Township, was a non-existent address. Of the remaining seven, the following events occurred:

At 38148 Thames, Sterling Heights, the process server found Defendant Keisler's "former spouse," who said that Keisler "was residing at his mother's home," 36700 Ridgecroft, Sterling Heights, MI 48312. For some reason, the process server made two subsequent visits to the same Thames address at which he had been told Keisler did not reside, and received no response.

---

[1] The docket and complaint in this matter identify the Defendant as "Jack K*ei*sler," while Plaintiff's motion and attachments (including its proposed order) consistently refer to him as "Jack K*ie*sler." The court directs Plaintiff to take steps to clarify any ambiguity in this regard.

The remaining four attempts were at the Ridgecroft address.  The following events occurred: (1) on January 30, there was no response (Sunday, 6:10 p.m.); (2) on January 31, a man identifying himself as Mario responded saying that no one named "Jack" resided at the address (Monday, 3:10 p.m.); (3) on February 18, there was no response (Friday, 7:15 p.m.); and (4) on March 5, there was no response (Saturday, 12:30 p.m.).

Plaintiff also attaches a Postal Service form indicating "[n]o change of address order on file," and a printout from an internet site showing Keisler associated with the Ridgecroft address but without any indication of recency.

Plaintiff asks the court for permission to effect service by tacking the summons and complaint to the front door of the Ridgecroft address and mailing the summons and complaint by both certified and first-class mail.  Service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court is located.  Fed. R. Civ. P. 4(e)(1).  Under Michigan law, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."  Mich. Ct. R. 2.105(I)(1).  Such alternative service may only be ordered upon "a showing that service of process cannot reasonably be made as provided" otherwise. Mich. Ct. R. 2.105(I)(1).  Tacking a copy of the summons and complaint to the door of the address of a defendant may be considered a "manner reasonably calculated to give the defendant actual notice," especially when accompanied by a mailing.  *See Dehaan v. Tsarnas*, No. 289967, 2010 WL 2384921, at *4 (Mich. Ct. App. June 15, 2010) (per

curiam); *Bennett v. Davidson*, No. 250694, 2005 WL 1123603, at *1 (Mich. Ct. App. May 12, 2005) (per curiam).

    Boiled down, Plaintiff has provided the court with:

1. A pattern indicating that on evenings and weekends, there will be no response at the Ridgecroft address, but in daylight hours during the week, there may be;

2. A statement of a woman, purportedly an ex-spouse that Keisler resides at 36700 Ridgecroft;

3. A website association of Keisler and that address;

4. A statement of a man found at the 36700 Ridgecroft address that Keisler does not reside there; and

5. A statement that the Post Office has no *change* of address form on file.

    The fact that there is no change of address on file does not equate to a statement that the address is *current*. Plaintiff has provided no indication that mailed material or packages or anything similar are, in fact, *currently* being delivered to Keisler at 36700 Ridgecroft. There is just as much verbal information to indicate that he does not currently reside there as there is to indicate that he does. The court cannot say with any confidence that Plaintiff has yet identified an address at which Keisler can be expected to be found.

    Plaintiff's motion is clearly cast—more clearly than most motions of this kind—as the necessary predicate to a default judgment, a fact that the court recognizes even without Plaintiff's candid explanation. In view of the likelihood of this case terminating with a judgment that, when entered, will be difficult to undo, Plaintiff must do more to assure the court that a diligent investigation has occurred beyond knocking on doors. Plaintiff has not yet made an adequate showing that Keisler cannot be located with

reasonable diligence and that service of process cannot reasonably be made as provided in the rules.  Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Alternate Service" [Dkt. # 4] is DENIED WITHOUT PREJUDICE.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  March 25, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 25, 2011, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-10326.LNV.DenyAlternateService.RHC.wpd